**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BEVERLY BRISCOE,<br>parent and next friend of B.B., a minor<br>3504 6th Street, SE, #4<br>Washington, D.C.  20032 | )<br>)<br>)<br>)<br>) |
| and | )<br>) |
|  | )      Civil Action No. |
| JOYCELYNN BUSH,<br>parent and next friend of W.A.B., a minor<br>1116 Orren Street, NE<br>Washington, D.C.  20002 | )<br>)<br>)<br>)<br>) |
| and | )<br>) |
| ANNETTE HAGENS,<br>parent and next friend of D.C., a minor<br>1436 Ives Place, SE<br>Washington, D.C.  20003 | )<br>)<br>)<br>)<br>) |
| and | )<br>) |
| AUDREY JONES,<br>parent and next friend of R.F., a minor<br>2454 Elvans Road, SE<br>Washington, D.C.  20020 | )<br>)<br>)<br>)<br>) |
| and | )<br>) |
| MICHELLE GAINES,<br>parent and next friend of R.G., a minor<br>203 N Street, SW, #508<br>Washington, D.C.  20024 | )<br>)<br>)<br>)<br>) |
| and | )<br>) |
| ANGELA GAY,<br>parent and next friend of L.G., a minor<br>4528 9th Street, NW, #1<br>Washington, D.C.  20011 | )<br>)<br>)<br>)<br>)<br>) |

1

and                                                    )
                                                       )
CHERYL GREGORY-RIVAS,                                   )
parent and next friend of A.G.R., a minor              )
1358 Spring Road, NW                                   )
Washington, D.C. 20010                                 )
                                                       )
and                                                    )
                                                       )
APRIL WASHINGTON,                                      )
parent and next friend of S.G., a minor                )
121 Yuma Street, SE, #107                              )
Washington, D.C. 20032                                 )
                                                       )
and                                                    )
                                                       )
PRISCILLA HAILSTORKS-SMITH,                            )
parent and next friend of D.H., a minor                )
907 Buchanan Street, NW                                )
Washington, D.C. 20011                                 )
                                                       )
and                                                    )
                                                       )
VANESSA HAMMOND,                                       )
parent and next friend of Q.H., a minor                )
318 20th Street, NE                                    )
Washington, D.C. 20002                                 )
                                                       )
and                                                    )
                                                       )
JAYELYNN MARTIN,                                       )
parent and next friend of K.M., a minor                )
449 Warner Street, NW                                  )
Washington, D.C. 20001                                 )
                                                       )
and                                                    )
                                                       )
SYLVESTER and PAMELA OKPALA,                           )
parents and next friends of R.O., a minor              )
1351 H Street, NE                                      )
Washington, D.C. 20002                                 )
                                                       )
and                                                    )

GLORIA REYES,                                     )
parent and next friend of J.R., a minor          )
5224 7th Street, NW                               )
Washington, D.C. 20011                            )
                                                  )
and                                               )
                                                  )
DIANA RIDGEWAY,                                   )
parent and next friend of D.R., a minor          )
256 37th Street, SE                               )
Washington, D.C. 20019                            )
                                                  )
and                                               )
                                                  )
WANDA ROBINSON,                                   )
parent and next friend of D.R., a minor          )
33 K Street, NW, #214                             )
Washington, D.C. 20001                            )
                                                  )
and                                               )
                                                  )
WALLETTA SANDS,                                   )
parent and next friend of T.S., a minor          )
1222 Stevens Road, SE                             )
Washington, D.C. 20020                            )
                                                  )
and                                               )
                                                  )
PATRICIA SARDIO,                                  )
parent and next friend of J.S., a minor          )
3917 New Hampshire Avenue, NW                     )
Washington, D.C. 20011                            )
                                                  )
and                                               )
                                                  )
CORETTA SIMPKINS,                                 )
parent and next friend of G.S., a minor          )
1400 4th Street, SW                               )
Washington, D.C. 20024                            )
                                                  )
and                                               )
                                                  )

3

DINORAH GONZALEZ,                        )
parent and next friend of J.S., a minor  )
1458 Columbia Road, NW, #301             )
Washington, D.C.  20009                  )
                                         )
and                                      )
                                         )

ADRIENNE TAYLOR,                         )
parent and next friend of G.T., a minor  )
332 Quackenbos Street, NE                )
Washington, D.C.  20011                  )
                                         )
and                                      )
                                         )
GAIL TURNER,                             )
parent and next friend of L.T., a minor  )
601 Edgewood Street, NE, #735            )
Washington, D.C.  20017                  )
                                         )
and                                      )
                                         )
DIANA RIDGEWAY,                          )
parent and next friend of D.W., a minor  )
256 37th Street, SE                      )
Washington, D.C.  20019                  )
                                         )
                 Plaintiffs,             )
                                         )
       v.                                )
                                         )
THE DISTRICT OF COLUMBIA                 )
A Municipal Corporation                  )
One Judiciary Square                     )
441 Fourth Street, NW                    )
Washington, D.C.  20001                  )
                                         )
serve:                                   )
                                         )
ANTHONY L. WILLIAMS, Mayor               )
District of Columbia                     )
1350 Pennsylvania Avenue, NW, 5th Floor  )
Washington, D.C.  20004                  )

4

```
                                            )
serve:                                      )
                                            )
ROBERT SPAGNOLETTI                          )
Attorney General                            )
District of Columbia                        )
1350 Pennsylvania Avenue, NW, Suite 409     )
Washington, D.C.  20004                     )
                                            )
and                                         )
                                            )
CLIFFORD JANEY (officially)                 )
Superintendent, D.C. Public Schools         )
825 North Capitol Street, NE                )
Suite 9026                                  )
Washington, D.C.  20002                     )
                                            )
                 Defendants.                )
                                            )
```

## COMPLAINT TO ENFORCE SETTLEMENT AGREEMENTS, INJUNCTIVE, AND OTHER RELIEF

COME NOW, Plaintiffs, by and through their attorney, Tilman L. Gerald,

James E. Brown & Associates, PLLC, and in their Complaint To Enforce Settlement

Agreements, Injunctive, and Other Relief respectfully represents unto this Honorable

Court as follows:

## PRELIMINARY STATEMENT

1.      This is an action to enforce settlement agreements that were executed by

the parties in full settlement of claims that the Plaintiffs had against the Defendants

pursuant to the Individuals with Disabilities Education Improvement Act ("IDEIA") with

respect to special education services and benefits that the Defendants were obligated to

5

provide to the student Plaintiffs. The settlement agreements were obtained in lieu of Due Process Hearings which the Plaintiffs had previously filed with the District of Columbia Public Schools, Office of Student Hearings.

## JURISDICTION

2.      This Court has jurisdiction pursuant to:

      a.      42 U.S.C. 1983 *et seq.*, inasmuch as Section 1983 provides a civil remedy for acts taken under color of law that subject any citizen of the United States or person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws;

      b.      The Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§1400-1461 ("IDEIA"); The Rehabilitation Act ("Section 504"); 29 U.S.C. §794; 28 U.S.C. §§ 1441 and 1442; the *Mills* decree, and pendent jurisdiction pursuant to D.C. Mun. Regs. Title 5 §§ 3000.1 - 3701.3 (2003);

      c.      Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

4.      Plaintiffs are children eligible to receive special education from the District of Columbia as defined by the IDEIA and Section 504, as well as their parents or guardians who, at all times relevant to this action, were residents of the District of Columbia. The parents bring this action on behalf of their children and in their own right.

6

The individual Plaintiffs are designated as follows:

      a.     That at all times relevant hereto, Brandon Briscoe, a student attending a public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on October 6, 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her claim in the sum of $2,250.00. That on October 31, 2005, pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted a certified invoice conforming to DCPS attorney fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal together with a signed written authorization for counsel to enter into the parties' settlement agreement. That Plaintiff in all other respects has complied with the terms of the parties' settlement agreement. That in accordance with DCPS' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters," effective February 1, 2005, an invoice for attorneys' fees is considered denied if not acknowledged within 90 days of submission. That more than 90 days have elapsed since Plaintiff's invoice was submitted and the Defendant has neither acknowledged nor remitted payment of the subject invoice for reimbursement of attorneys' fees. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS has refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause

7

or reason. That all times pertinent hereto, Lyana Palmer, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $2,250.00 remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice, parent authorization, and Settlement Agreement ("SA") are attached hereto as EXHIBIT 1.

     b.     That at all times relevant hereto, Willie Ann Bush, a student attending a public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on October 20, 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her claim in the sum of $2,000.00. That on October 31, 2005, pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted a certified invoice conforming to DCPS attorney fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal together with a signed written authorization for counsel to enter into the parties' settlement agreement. That Plaintiff in all other respects has complied with the terms of the parties' settlement agreement. That in accordance with DCPS' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters," effective February 1, 2005, an invoice for attorneys' fees is considered denied if not

8

acknowledged within 90 days of submission. That more than 90 days have elapsed since Plaintiff's invoice was submitted and the Defendant has neither acknowledged nor remitted payment of the subject invoice for reimbursement of attorneys' fees. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS has refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Aaron Price, Sr., Esquire, attorney for DCPS, represented that he had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $2,000.00 remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice, parent authorization, and Settlement Agreement ("SA") are attached hereto as EXHIBIT 2.

c.    That at all times relevant hereto, Darryl Canty, Jr., a student attending a public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on October 6, 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her claim in the sum of $2,000.00. That on October 31, 2005, pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted a certified invoice conforming to DCPS attorney fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in

9

a timely manner and consistent with the requirement of all applicable statutory

requirements, local and federal together with a signed written authorization for counsel to

enter into the parties' settlement agreement. That Plaintiff in all other respects has

complied with the terms of the parties' settlement agreement. That in accordance with

DCPS' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters,"

effective February 1, 2005, an invoice for attorneys' fees is considered denied if not

acknowledged within 90 days of submission. That more than 90 days have elapsed since

Plaintiff's invoice was submitted and the Defendant has neither acknowledged nor

remitted payment of the subject invoice for reimbursement of attorneys' fees. That

notwithstanding the parties' Settlement Agreement, the Defendant DCPS has refused to

remit payment as required by the parties' Settlement Agreement and has failed and

refused to comply with the terms of the parties' Settlement Agreement, without just cause

or reason. That all times pertinent hereto, Katherine Rodi, Esquire, attorney for DCPS,

represented that she had the necessary authority to enter into and bind the Defendant

DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof,

$2,000.00 remains due and payable to Plaintiff as reimbursement of attorneys' fees and

costs per the terms and provisions of the Settlement Agreement. Copies of the invoice,

parent authorization, and Settlement Agreement ("SA") are attached hereto as EXHIBIT

3.

   d.  That at all times relevant hereto, Rashard Fields, a student attending a

public school of the District of Columbia ("DCPS"), has been found to be entitled to

receive special education services and benefits under IDEA and IDEIA. That on October

4, 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her claim in the sum of $3,200.00. That on October 31, 2005, pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted a certified invoice conforming to DCPS attorney fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal together with a signed written authorization for counsel to enter into the parties' settlement agreement. That Plaintiff in all other respects has complied with the terms of the parties' settlement agreement. That in accordance with DCPS' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters," effective February 1, 2005, an invoice for attorneys' fees is considered denied if not acknowledged within 90 days of submission. That more than 90 days have elapsed since Plaintiff's invoice was submitted and the Defendant has neither acknowledged nor remitted payment of the subject invoice for reimbursement of attorneys' fees. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS has refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Quinne Harris-Lindsey, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $3,200.00 remains due and payable to Plaintiff as reimbursement of attorneys'

11

fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice, parent authorization, and Settlement Agreement ("SA") are attached hereto as EXHIBIT 4.

      e.     That at all times relevant hereto, Rayvon Gaines, a student attending a public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on October 20, 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her claim in the sum of $2,000.00. That on October 31, 2005, pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted a certified invoice conforming to DCPS attorney fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal together with a signed written authorization for counsel to enter into the parties' settlement agreement. That Plaintiff in all other respects has complied with the terms of the parties' settlement agreement. That in accordance with DCPS' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters," effective February 1, 2005, an invoice for attorneys' fees is considered denied if not acknowledged within 90 days of submission. That more than 90 days have elapsed since Plaintiff's invoice was submitted and the Defendant has neither acknowledged nor remitted payment of the subject invoice for reimbursement of attorneys' fees. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS has refused to

12

remit payment as required by the parties' Settlement Agreement and has failed and

refused to comply with the terms of the parties' Settlement Agreement, without just cause

or reason. That all times pertinent hereto, Aaron Price, Sr., Esquire, attorney for DCPS,

represented that he had the necessary authority to enter into and bind the Defendant

DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof,

$2,000.00 remains due and payable to Plaintiff as reimbursement of attorneys' fees and

costs per the terms and provisions of the Settlement Agreement. Copies of the invoice,

parent authorization, and Settlement Agreement ("SA") are attached hereto as EXHIBIT

5.

      f.      That at all times relevant hereto, Laphedona Gay, a student attending a

public school of the District of Columbia ("DCPS"), has been found to be entitled to

receive special education services and benefits under IDEA and IDEIA. That on

September 26, 2005, the parties hereto entered into a Settlement Agreement, which

provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for

reasonable attorneys' fees and costs related to the prosecution of her claim in the sum of

$2,500.00. That on October 31, 2005, pursuant to the terms of the parties' Settlement

Agreement, Plaintiff, by and through her attorney, submitted a certified invoice

conforming to DCPS attorney fee guidelines, to the Defendant for reimbursement of

attorneys' fees and costs in a timely manner and consistent with the requirement of all

applicable statutory requirements, local and federal together with a signed written

authorization for counsel to enter into the parties' settlement agreement. That Plaintiff in

all other respects has complied with the terms of the parties' settlement agreement. That

13

in accordance with DCPS' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters,"effective February 1, 2005, an invoice for attorneys' fees is considered denied if not acknowledged within 90 days of submission. That more than 90 days have elapsed since Plaintiff's invoice was submitted and the Defendant has neither acknowledged nor remitted payment of the subject invoice for reimbursement of attorneys' fees. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS has refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Lyana Palmer, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $2,500.00 remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice, parent authorization, and Settlement Agreement ("SA") are attached hereto as EXHIBIT 6.

g.    That at all times relevant hereto, Anita Gregory-Rivas, a student attending a public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on October 7, 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her claim in the sum of $1,900.00. That on October 31, 2005, pursuant to the terms of the parties' Settlement Agreement,

14

Plaintiff, by and through her attorney, submitted a certified invoice conforming to DCPS

attorney fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in

a timely manner and consistent with the requirement of all applicable statutory

requirements, local and federal together with a signed written authorization for counsel to

enter into the parties' settlement agreement. That Plaintiff in all other respects has

complied with the terms of the parties' settlement agreement. That in accordance with

DCPS' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters,"

effective February 1, 2005, an invoice for attorneys' fees is considered denied if not

acknowledged within 90 days of submission. That more than 90 days have elapsed since

Plaintiff's invoice was submitted and the Defendant has neither acknowledged nor

remitted payment of the subject invoice for reimbursement of attorneys' fees. That

notwithstanding the parties' Settlement Agreement, the Defendant DCPS has refused to

remit payment as required by the parties' Settlement Agreement and has failed and

refused to comply with the terms of the parties' Settlement Agreement, without just cause

or reason. That all times pertinent hereto, Katherine Rodi, Esquire, attorney for DCPS,

represented that she had the necessary authority to enter into and bind the Defendant

DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof,

$1,900.00 remains due and payable to Plaintiff as reimbursement of attorneys' fees and

costs per the terms and provisions of the Settlement Agreement. Copies of the invoice,

parent authorization, and Settlement Agreement ("SA") are attached hereto as EXHIBIT

7.

        h.    That at all times relevant hereto, Seaquette Guinn, a student attending a

public school of the District of Columbia ("DCPS"), has been found to be entitled to

receive special education services and benefits under IDEA and IDEIA. That on October

11, 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter*

*alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable

attorneys' fees and costs related to the prosecution of her claim in the sum of $2,000.00.

That on October 31, 2005, pursuant to the terms of the parties' Settlement Agreement,

Plaintiff, by and through her attorney, submitted a certified invoice conforming to DCPS

attorney fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in

a timely manner and consistent with the requirement of all applicable statutory

requirements, local and federal together with a signed written authorization for counsel to

enter into the parties' settlement agreement. That Plaintiff in all other respects has

complied with the terms of the parties' settlement agreement. That in accordance with

DCPS' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters,"

effective February 1, 2005, an invoice for attorneys' fees is considered denied if not

acknowledged within 90 days of submission. That more than 90 days have elapsed since

Plaintiff's invoice was submitted and the Defendant has neither acknowledged nor

remitted payment of the subject invoice for reimbursement of attorneys' fees. That

notwithstanding the parties' Settlement Agreement, the Defendant DCPS has refused to

remit payment as required by the parties' Settlement Agreement and has failed and

refused to comply with the terms of the parties' Settlement Agreement, without just cause

or reason. That all times pertinent hereto, Lyana Palmer, Esquire, attorney for DCPS,

represented that she had the necessary authority to enter into and bind the Defendant

16

DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $2,000.00 remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice, parent authorization, and Settlement Agreement ("SA") are attached hereto as EXHIBIT 8.

i.      That at all times relevant hereto, DeJuan Hailstorks, a student attending a public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on October 18, 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her claim in the sum of $3,000.00. That on October 31, 2005, pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted a certified invoice conforming to DCPS attorney fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal. That in accordance with DCPS' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters,"effective February 1, 2005, an invoice for attorneys' fees is considered denied if not acknowledged within 90 days of submission. That more than 90 days have elapsed since Plaintiff's invoice was submitted and the Defendant has neither acknowledged nor remitted payment of the subject invoice for reimbursement of attorneys' fees. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS has refused to remit payment as required by the parties'

17

Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Rashida Chapman, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $3,000.00 remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 9.

j.      That at all times relevant hereto, Quanisha Hammond, a student attending a public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on September 29, 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her claim in the sum of $3,300.00. That on October 31, 2005, pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted a certified invoice conforming to DCPS attorney fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal. That in accordance with DCPS' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters,"effective February 1, 2005, an invoice for attorneys' fees is considered denied if not acknowledged within 90 days of submission. That more than 90 days have elapsed since Plaintiff's

18

invoice was submitted and the Defendant has neither acknowledged nor remitted payment of the subject invoice for reimbursement of attorneys' fees. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS has refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Katherine Rodi, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $3,300.00 remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT 10.

　　　　k.　　　　That at all times relevant hereto, Khalil Martin, a student attending a public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on September 26, 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her claim in the sum of $2,800.00. That on October 31, 2005, pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted a certified invoice conforming to DCPS attorney fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal together with a signed written

19

authorization for counsel to enter into the parties' settlement agreement. That Plaintiff in all other respects has complied with the terms of the parties' settlement agreement. That in accordance with DCPS' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters," effective February 1, 2005, an invoice for attorneys' fees is considered denied if not acknowledged within 90 days of submission. That more than 90 days have elapsed since Plaintiff's invoice was submitted and the Defendant has neither acknowledged nor remitted payment of the subject invoice for reimbursement of attorneys' fees. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS has refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Quinne Harris-Lindsey, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $2,800.00 remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice, parent authorization, and Settlement Agreement ("SA") are attached hereto as EXHIBIT 11.

1.      That at all times relevant hereto, Richard Okpala, a student attending a public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on September 30, 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parents for

reasonable attorneys' fees and costs related to the prosecution of their claim in the sum of

$2,000.00. That on October 31, 2005, pursuant to the terms of the parties' Settlement

Agreement, Plaintiffs, by and through their attorney, submitted a certified invoice

conforming to DCPS attorney fee guidelines, to the Defendant for reimbursement of

attorneys' fees and costs in a timely manner and consistent with the requirement of all

applicable statutory requirements, local and federal. That in accordance with DCPS'

"Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters,"effective

February 1, 2005, an invoice for attorneys' fees is considered denied if not acknowledged

within 90 days of submission. That more than 90 days have elapsed since Plaintiff's

invoice was submitted and the Defendant has neither acknowledged nor remitted payment

of the subject invoice for reimbursement of attorneys' fees. That notwithstanding the

parties' Settlement Agreement, the Defendant DCPS has refused to remit payment as

required by the parties' Settlement Agreement and has failed and refused to comply with

the terms of the parties' Settlement Agreement, without just cause or reason. That all

times pertinent hereto, Rashida Chapman, Esquire, attorney for DCPS, represented that

she had the necessary authority to enter into and bind the Defendant DCPS to the terms of

the parties' Settlement Agreement. That as of the date hereof, $2,000.00 remains due and

payable to Plaintiffs as reimbursement of attorneys' fees and costs per the terms and

provisions of the Settlement Agreement. Copies of the invoice and Settlement

Agreement ("SA") are attached hereto as EXHIBIT 12.

m.     That at all times relevant hereto, José Reyes, a student attending a public

school of the District of Columbia ("DCPS"), has been found to be entitled to receive

21

special education services and benefits under IDEA and IDEIA. That on October 19,

2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*,

that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys'

fees and costs related to the prosecution of her claim in the sum of $4,000.00. That on

October 31, 2005, pursuant to the terms of the parties' Settlement Agreement, Plaintiff,

by and through her attorney, submitted a certified invoice conforming to DCPS attorney

fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in a timely

manner and consistent with the requirement of all applicable statutory requirements, local

and federal. That in accordance with DCPS' "Proposed Guidelines for the Payment of

Attorney Fees in IDEA Matters,"effective February 1, 2005, an invoice for attorneys' fees

is considered denied if not acknowledged within 90 days of submission. That more than

90 days have elapsed since Plaintiff's invoice was submitted and the Defendant has

neither acknowledged nor remitted payment of the subject invoice for reimbursement of

attorneys' fees. That notwithstanding the parties' Settlement Agreement, the Defendant

DCPS has refused to remit payment as required by the parties' Settlement Agreement and

has failed and refused to comply with the terms of the parties' Settlement Agreement,

without just cause or reason. That all times pertinent hereto, Michael Levy, Esquire,

attorney for DCPS, represented that he had the necessary authority to enter into and bind

the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the

date hereof, $4,000.00 remains due and payable to Plaintiff as reimbursement of

attorneys' fees and costs per the terms and provisions of the Settlement Agreement.

Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT

22

13.

       n.       That at all times relevant hereto, Diamond Ridgeway, a student attending a

public school of the District of Columbia ("DCPS"), has been found to be entitled to

receive special education services and benefits under IDEA and IDEIA.  That on October

5, 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter*

*alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable

attorneys' fees and costs related to the prosecution of her claim in the sum of $2,000.00.

That on October 31, 2005, pursuant to the terms of the parties' Settlement Agreement,

Plaintiff, by and through her attorney, submitted a certified invoice conforming to DCPS

attorney fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in

a timely manner and consistent with the requirement of all applicable statutory

requirements, local and federal together with a signed written authorization for counsel to

enter into the parties' settlement agreement.  That Plaintiff in all other respects has

complied with the terms of the parties' settlement agreement. That in accordance with

DCPS' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters,"

effective February 1, 2005, an invoice for attorneys' fees is considered denied if not

acknowledged within 90 days of submission. That more than 90 days have elapsed since

Plaintiff's invoice was submitted and the Defendant has neither acknowledged nor

remitted payment of the subject invoice for reimbursement of attorneys' fees.  That

notwithstanding the parties' Settlement Agreement, the Defendant DCPS has refused to

remit payment as required by the parties' Settlement Agreement and has failed and

refused to comply with the terms of the parties' Settlement Agreement, without just cause

or reason. That all times pertinent hereto, Quinne Harris-Lindsey, Esquire, attorney for

DCPS, represented that she had the necessary authority to enter into and bind the

Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date

hereof, $2,000.00 remains due and payable to Plaintiff as reimbursement of attorneys'

fees and costs per the terms and provisions of the Settlement Agreement. Copies of the

invoice, parent authorization, and Settlement Agreement ("SA") are attached hereto as

EXHIBIT 14.

      o.      That at all times relevant hereto, Dontwan Robinson, a student attending a

public school of the District of Columbia ("DCPS"), has been found to be entitled to

receive special education services and benefits under IDEA and IDEIA. That on October

4, 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter*

*alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable

attorneys' fees and costs related to the prosecution of her claim in the sum of $2,500.00.

That on October 31, 2005, pursuant to the terms of the parties' Settlement Agreement,

Plaintiff, by and through her attorney, submitted a certified invoice conforming to DCPS

attorney fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in

a timely manner and consistent with the requirement of all applicable statutory

requirements, local and federal together with a signed written authorization for counsel to

enter into the parties' settlement agreement. That Plaintiff in all other respects has

complied with the terms of the parties' settlement agreement. That in accordance with

DCPS' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters,"

effective February 1, 2005, an invoice for attorneys' fees is considered denied if not

24

acknowledged within 90 days of submission. That more than 90 days have elapsed since Plaintiff's invoice was submitted and the Defendant has neither acknowledged nor remitted payment of the subject invoice for reimbursement of attorneys' fees. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS has refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Quinne Harris-Lindsey, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $2,500.00 remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice, parent authorization, and Settlement Agreement ("SA") are attached hereto as EXHIBIT 15.

p.      That at all times relevant hereto, Tona Sands, a student attending a public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on October 24, 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her claim in the sum of $1,800.00. That on October 31, 2005, pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted a certified invoice conforming to DCPS attorney fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in a timely

25

manner and consistent with the requirement of all applicable statutory requirements, local and federal together with a signed written authorization for counsel to enter into the parties' settlement agreement. That Plaintiff in all other respects has complied with the terms of the parties' settlement agreement. That in accordance with DCPS' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters,"effective February 1, 2005, an invoice for attorneys' fees is considered denied if not acknowledged within 90 days of submission. That more than 90 days have elapsed since Plaintiff's invoice was submitted and the Defendant has neither acknowledged nor remitted payment of the subject invoice for reimbursement of attorneys' fees. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS has refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Charles McCullough, Esquire, attorney for DCPS, represented that he had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $1,800.00 remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice, parent authorization, and Settlement Agreement ("SA") are attached hereto as EXHIBIT 16.

q.    That at all times relevant hereto, Jonathan Sardio, a student attending a public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on September 28, 2005, the parties hereto entered into a Settlement Agreement, which

26

provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her claim in the sum of $2,800.00. That on October 31, 2005, pursuant to the terms of the parties' Settlement Agreement, Plaintiff, by and through her attorney, submitted a certified invoice conforming to DCPS attorney fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in a timely manner and consistent with the requirement of all applicable statutory requirements, local and federal together with a signed written authorization for counsel to enter into the parties' settlement agreement. That Plaintiff in all other respects has complied with the terms of the parties' settlement agreement. That in accordance with DCPS' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters," effective February 1, 2005, an invoice for attorneys' fees is considered denied if not acknowledged within 90 days of submission. That more than 90 days have elapsed since Plaintiff's invoice was submitted and the Defendant has neither acknowledged nor remitted payment of the subject invoice for reimbursement of attorneys' fees. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS has refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Tiffany Puckett, Esquire, attorney for DCPS, represented that she had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $2,800.00 remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement.

27

Copies of the invoice, parent authorization, and Settlement Agreement ("SA") are
attached hereto as EXHIBIT 17.

r.     That at all times relevant hereto, Gabrielle Simpkins, a student attending a
public school of the District of Columbia ("DCPS"), has been found to be entitled to
receive special education services and benefits under IDEA and IDEIA. That on October
20, 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter
alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable
attorneys' fees and costs related to the prosecution of her claim in the sum of $2,000.00.
That on October 31, 2005, pursuant to the terms of the parties' Settlement Agreement,
Plaintiff, by and through her attorney, submitted a certified invoice conforming to DCPS
attorney fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in
a timely manner and consistent with the requirement of all applicable statutory
requirements, local and federal together with a signed written authorization for counsel to
enter into the parties' settlement agreement. That Plaintiff in all other respects has
complied with the terms of the parties' settlement agreement. That in accordance with
DCPS' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters,"
effective February 1, 2005, an invoice for attorneys' fees is considered denied if not
acknowledged within 90 days of submission. That more than 90 days have elapsed since
Plaintiff's invoice was submitted and the Defendant has neither acknowledged nor
remitted payment of the subject invoice for reimbursement of attorneys' fees. That
notwithstanding the parties' Settlement Agreement, the Defendant DCPS has refused to
remit payment as required by the parties' Settlement Agreement and has failed and

28

refused to comply with the terms of the parties' Settlement Agreement, without just cause

or reason. That all times pertinent hereto, Aaron Price, Esquire, attorney for DCPS,

represented that he had the necessary authority to enter into and bind the Defendant

DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof,

$2,000.00 remains due and payable to Plaintiff as reimbursement of attorneys' fees and

costs per the terms and provisions of the Settlement Agreement. Copies of the invoice,

parent authorization, and Settlement Agreement ("SA") are attached hereto as EXHIBIT

18.

      s.     That at all times relevant hereto, José Sorto, a student attending a public

school of the District of Columbia ("DCPS"), has been found to be entitled to receive

special education services and benefits under IDEA and IDEIA. That on September 29,

2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*,

that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys'

fees and costs related to the prosecution of her claim in the sum of $1,500.00. That on

October 31, 2005, pursuant to the terms of the parties' Settlement Agreement, Plaintiff,

by and through her attorney, submitted a certified invoice conforming to DCPS attorney

fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in a timely

manner and consistent with the requirement of all applicable statutory requirements, local

and federal. That in accordance with DCPS' "Proposed Guidelines for the Payment of

Attorney Fees in IDEA Matters,"effective February 1, 2005, an invoice for attorneys' fees

is considered denied if not acknowledged within 90 days of submission. That more than

90 days have elapsed since Plaintiff's invoice was submitted and the Defendant has

29

neither acknowledged nor remitted payment of the subject invoice for reimbursement of

attorneys' fees. That notwithstanding the parties' Settlement Agreement, the Defendant

DCPS has refused to remit payment as required by the parties' Settlement Agreement and

has failed and refused to comply with the terms of the parties' Settlement Agreement,

without just cause or reason. That all times pertinent hereto, Charles McCullough,

Esquire, attorney for DCPS, represented that he had the necessary authority to enter into

and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as

of the date hereof, $1,500.00 remains due and payable to Plaintiff as reimbursement of

attorneys' fees and costs per the terms and provisions of the Settlement Agreement.

Copies of the invoice and Settlement Agreement ("SA") are attached hereto as EXHIBIT

19.

    t.        That at all times relevant hereto, Gari Taylor, a student attending a public

school of the District of Columbia ("DCPS"), has been found to be entitled to receive

special education services and benefits under IDEA and IDEIA. That on September 26,

2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*,

that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys'

fees and costs related to the prosecution of her claim in the sum of $2,000.00. That on

October 31, 2005, pursuant to the terms of the parties' Settlement Agreement, Plaintiff,

by and through her attorney, submitted a certified invoice conforming to DCPS attorney

fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in a timely

manner and consistent with the requirement of all applicable statutory requirements, local

and federal together with a signed written authorization for counsel to enter into the

parties' settlement agreement. That Plaintiff in all other respects has complied with the terms of the parties' settlement agreement. That in accordance with DCPS' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters,"effective February 1, 2005, an invoice for attorneys' fees is considered denied if not acknowledged within 90 days of submission. That more than 90 days have elapsed since Plaintiff's invoice was submitted and the Defendant has neither acknowledged nor remitted payment of the subject invoice for reimbursement of attorneys' fees. That notwithstanding the parties' Settlement Agreement, the Defendant DCPS has refused to remit payment as required by the parties' Settlement Agreement and has failed and refused to comply with the terms of the parties' Settlement Agreement, without just cause or reason. That all times pertinent hereto, Charles McCullough, Esquire, attorney for DCPS, represented that he had the necessary authority to enter into and bind the Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $2,000.00 remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice, parent authorization, and Settlement Agreement ("SA") are attached hereto as EXHIBIT 20.

u.      That at all times relevant hereto, Larry Turner, a student attending a public school of the District of Columbia ("DCPS"), has been found to be entitled to receive special education services and benefits under IDEA and IDEIA. That on September 27, 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable attorneys' fees and costs related to the prosecution of her claim in the sum of $2,500.00. That on

31

October 31, 2005, pursuant to the terms of the parties' Settlement Agreement, Plaintiff,

by and through her attorney, submitted a certified invoice conforming to DCPS attorney

fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in a timely

manner and consistent with the requirement of all applicable statutory requirements, local

and federal together with a signed written authorization for counsel to enter into the

parties' settlement agreement. That Plaintiff in all other respects has complied with the

terms of the parties' settlement agreement. That in accordance with DCPS' "Proposed

Guidelines for the Payment of Attorney Fees in IDEA Matters,"effective February 1,

2005, an invoice for attorneys' fees is considered denied if not acknowledged within 90

days of submission. That more than 90 days have elapsed since Plaintiff's invoice was

submitted and the Defendant has neither acknowledged nor remitted payment of the

subject invoice for reimbursement of attorneys' fees. That notwithstanding the parties'

Settlement Agreement, the Defendant DCPS has refused to remit payment as required by

the parties' Settlement Agreement and has failed and refused to comply with the terms of

the parties' Settlement Agreement, without just cause or reason. That all times pertinent

hereto, Quinne Harris-Lindsey, Esquire, attorney for DCPS, represented that she had the

necessary authority to enter into and bind the Defendant DCPS to the terms of the parties'

Settlement Agreement. That as of the date hereof, $2,500.00 remains due and payable to

Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the

Settlement Agreement. Copies of the invoice, parent authorization, and Settlement

Agreement ("SA") are attached hereto as EXHIBIT 21.

     v.     That at all times relevant hereto, Davon Willis, a student attending a

32

public school of the District of Columbia ("DCPS"), has been found to be entitled to

receive special education services and benefits under IDEA and IDEIA.  That on October

5, 2005, the parties hereto entered into a Settlement Agreement, which provides, *inter*

*alia*, that the Defendant DCPS would reimburse the Plaintiff parent for reasonable

attorneys' fees and costs related to the prosecution of her claim in the sum of $2,000.00.

That on October 31, 2005, pursuant to the terms of the parties' Settlement Agreement,

Plaintiff, by and through her attorney, submitted a certified invoice conforming to DCPS

attorney fee guidelines, to the Defendant for reimbursement of attorneys' fees and costs in

a timely manner and consistent with the requirement of all applicable statutory

requirements, local and federal together with a signed written authorization for counsel to

enter into the parties' settlement agreement.  That Plaintiff in all other respects has

complied with the terms of the parties' settlement agreement.  That in accordance with

DCPS' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters,"

effective February 1, 2005, an invoice for attorneys' fees is considered denied if not

acknowledged within 90 days of submission.  That more than 90 days have elapsed since

Plaintiff's invoice was submitted and the Defendant has neither acknowledged nor

remitted payment of the subject invoice for reimbursement of attorneys' fees.  That

notwithstanding the parties' Settlement Agreement, the Defendant DCPS has refused to

remit payment as required by the parties' Settlement Agreement and has failed and

refused to comply with the terms of the parties' Settlement Agreement, without just cause

or reason.  That all times pertinent hereto, Quinne Harris-Lindsey, Esquire, attorney for

DCPS, represented that she had the necessary authority to enter into and bind the

33

Defendant DCPS to the terms of the parties' Settlement Agreement. That as of the date hereof, $2,000.00 remains due and payable to Plaintiff as reimbursement of attorneys' fees and costs per the terms and provisions of the Settlement Agreement. Copies of the invoice, parent authorization, and Settlement Agreement ("SA") are attached hereto as EXHIBIT 22.

5.     The District of Columbia is a municipal corporation that receives federal financial assistance and, therefore, is required to comply with the IDEIA, Section 504 and this Court's decision in *Mills v. District of Columbia Bd. of Educ.*, 348 F. Supp. 866 (D.D.C. 1972).

6.     Clifford Janey is the Superintendent of the District of Columbia Public Schools System ("DCPS") and the Chief State Officer, and, as such, is responsible for ensuring that all disabled children in the District of Columbia receive a free appropriate public education ("FAPE") and that their rights to equal protection and due process of law are protected. Plaintiffs are suing Clifford Janey in his official capacity.

## FACTUAL ALLEGATIONS

7.     On or about October 31, 2005, Plaintiffs, through counsel, timely submitted their invoices for reimbursement of reasonable attorneys' fees and costs to Defendants as specifically set forth in their respective settlement agreements.

8.     That according to Defendants' "Proposed Guidelines for the Payment of Attorney Fees in IDEA Matters," effective February 1, 2005, invoices for reimbursement of reasonable attorneys' fees and costs are considered denied if not acknowledged by Defendants within 90 days of submission.

34

9.      That more than 90 days have passed since Plaintiffs submitted their invoices for reimbursement of reasonable attorneys' fees specified in the settlement agreements; therefore, these invoices are considered denied under the Defendants' Proposed Guidelines.

10.     That Defendants have failed and or refused to reimburse Plaintiffs for the attorneys fees that it specifically agreed to pay as per the terms of the parties' settlement agreements.

11.     That Defendants have knowingly and intentionally breached the parties' settlement agreements and in so doing have acted in bad faith, all to the detriment of the Plaintiffs.

12.     That the Plaintiffs, individually and collectively, entered into the settlement agreements with the Defendants in good faith, gave valuable consideration therefor, and relied upon representations of the attorneys of the Defendants that they, individually and collectively, had full authority to execute the settlement agreements on behalf of and to bind the Defendants to the terms of the settlement agreements.

13.     That the refusal and/or failure of the Defendant to honor the terms of the parties' settlement agreements is without just cause, reason, or provocation, is capricious, is duplicitous and violates the spirit and integrity of the agreements.

14.     That all times pertinent hereto, the Plaintiffs have fully complied with the terms of the parties' settlement agreements.

35

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

1.      Enter an Order enforcing the parties' settlement agreements and direct

Defendants to reimburse Plaintiffs for reasonable Attorneys' Fees and Costs in the sum of

$52,050.00.

2.      Award each Plaintiff pre-judgment interest on each award.

3.      Award to Plaintiffs pursuant to 42 U.S.C. 1983 *et seq*., the attorneys' fees

and costs incurred by virtue of the instant lawsuit.

4.      Award such other relief as may be just and proper.

                                        Respectfully submitted,


                                        Tilman L. Gerald
                                        Bar No.: 928796
                                        James E. Brown & Associates, PLLC
                                        1220 L Street, NW, Suite 700
                                        Washington, D.C. 20005
                                        (202)742-2000
                                        Attorneys for Plaintiffs