UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **BEVERLY BRISCOE, et al.,** : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civ. Action No. 06-323 (JDB) |
| : | |
| **DISTRICT OF COLUMBIA, et al.,** : | |
| : | |
| Defendants. : | |

**DEFENDANTS' MOTION TO DISMISS COMPLAINT**

The District of Columbia, through counsel, and pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6), moves to dismiss the Complaint filed February 23, 2006. The grounds for Defendants' motion are set forth in the accompanying Memorandum of Points and Authorities.

    Respectfully submitted,

    ROBERT J. SPAGNOLETTI
    Attorney General for the District
     of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

    */s/ Edward P. Taptich*_____
    EDWARD P. TAPTICH (012914)
    Chief, Equity Section 2

/s/ *Veronica A. Porter*_____
VERONICA A. PORTER (412273)
Assistant Attorney General
441 4th St., N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6651

**May 4, 2006**

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BEVERLY BRISCOE, et al.,** : | |
| Plaintiffs, : | |
| v. : | Civ. Action No. 06-323 (JDB) |
| **DISTRICT OF COLUMBIA, et al.,** : | |
| Defendants. : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT**

**INTRODUCTION**

On February 23, 2006, the 22 named Plaintiffs filed a Complaint "to enforce settlement agreements obtained in lieu of Due Process Hearings." *See Complaint, ¶1*. Each of the Plaintiffs entered into a settlement agreement with the District of Columbia Public Schools ("DCPS") whereby DCPS was to complete an educational-related task(s). Additionally, as part of each settlement agreement, DCPS agreed to pay reasonable attorney fees and related costs, subject to receipt of necessary supporting documentation, and not to exceed an amount specified in the settlement agreement. *See Complaint, Exhibits 1 – 22*.

DCPS did fulfill the educational-related obligations in each settlement agreement. The remaining issue, and purpose of the Complaint, is to enforce the agreement provision relating to attorneys' fees and costs.

In the jurisdictional recitation of the Complaint (¶2), Plaintiffs cite 42 U.S.C. §1983 et seq., 20 U.S.C. §§1400-1461, and 29 U.S.C. §794 (Section 504 of the

3

Rehabilitation Act). As explained below, there is no legal basis for Plaintiffs' jurisdictional claims. This is not a case involving Federal statutes and claims, it is a local law suit to enforce a contract. Therefore, Plaintiffs' Complaint must be dismissed.

## ARGUMENT

### I. Standard of Review for Dismissal of a Complaint pursuant to Fed. R. Civ. P. 12(B)(6).

In reviewing the sufficiency of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), a court must consider the facts presented in the pleading as true and construe them and all reasonable inferences in the light most favorable to the plaintiffs. *See* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957) and citing Gardner v. Toilet Goods Assn., 387 U.S. 167, 172 (1967)). However, the court need not consider inferences that are unsupported by the facts or legal conclusions framed as facts. *See* Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). Further, "a plaintiff's bare conclusion of law, or sweeping and unwarranted averments of fact, will not be deemed admitted" for purposes of a motion to dismiss, and the plaintiff only enjoys the "benefit of all inferences that plausibly can be drawn from well-pleaded allegations of the complaint. Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

### II. There are no Federal Claims at Issue in the Complaint.

While there is reference to federal statutes in the Complaint's jurisdiction paragraph, the Complaint is in reality a suit to enforce a contract with the District of Columbia. As such, this Court has no jurisdiction to entertain the case; such suits are properly brought in the District of Columbia Superior Court.

While the "jurisdiction" paragraph of the Complaint (¶2) refers to IDEA, 42 U.S.C. §1983 and the Rehabilitation Act, the remainder of the Complaint makes clear that this is a contract action.  The Complaint announces in its opening paragraph that "[t]his is an action to enforce settlement agreements that were executed by the parties . . ." *Complaint, ¶1*.  Each of the descriptive paragraphs concerning the individual plaintiffs focuses on an attorneys' fees provision in a Settlement Agreement.  *Complaint, Exhibits 1 – 22*.  The "factual allegations" section of the Complaint concludes with the assertion that "the refusal and/or failure of the Defendant to honor the terms of the parties' settlement agreements is without just cause, reason, or provocation, is capricious, is duplicitous and violates the spirit and integrity of the agreements" *Complaint, ¶13*.

Specifically asserted is that Plaintiffs "entered into the settlement agreements with the Defendants in good faith, gave valuable consideration therefore, and relied upon representations of the attorneys of the Defendants that they, individually and collectively, had full authority to execute the settlement agreements on behalf of and to bind the Defendants to the terms of the settlement agreements." *Complaint, ¶12*.  The prayer for relief (*Complaint, p. 36*) requests an order "enforcing the parties' settlement agreements."

This Court has held that "a voluntary settlement agreement is a binding contract whose enforceability is determined under state law," Bailey v. Potter, Civil Action No. 98-2224, (Kennedy, J.)(D.C. Cir. September 26, 2005,)(slip op. at 5) quoting Makins v. District of Columbia, 277 F. 3d 544, 547-78 (D.C. Cir. 2002)(state contract law governed question of enforceability of settlement agreement between District of Columbia and former employee in discrimination case.)  "The fact that federal laws and federal

regulations…are implicated here…is not a sufficient basis for finding that Bailey's contract claim 'aris[es] under the Constitution, laws or treaties of the United States." Id.

Plaintiffs' Complaint is clearly an action to enforce a contract with the District of Columbia, absent a federal claim. Accordingly, Plaintiffs' Complaint must be dismissed on that basis.

**III. As Parties to Settlement Agreements, Plaintiffs are not Entitled to Attorney's Fees under IDEA.**

20 U.S.C. §1400(d)(1)(A) was enacted to ensure that all children with disabilities have available to them a free appropriate public education ("FAPE"). In order to provide a student with FAPE, the state agency must conduct an initial evaluation of the student (20 U.S.C. §1414(a)(1)(A)), and develop an individualized education program ("IEP") if the student is determined to have a disability (20 U.S.C. §1414(c)). Once the student has been determined disabled and eligible for special education services, and the IEP team has met and developed an IEP for the student, the remaining issue in providing FAPE to the student is that of placement.

If a parent has a complaint concerning the identification, evaluation, or educational placement of a child, and provisions of FAPE to that child, the parent is entitled to an administrative due process hearing, pursuant to 20 U.S.C. §1415(f). Any party aggrieved by the findings and decision made…shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States (20 U.S.C.A. § 1415(i)(2)(A)).

With respect to attorneys' fees, 20 U.S.C. §1415(i)(3)(B) provides, in relevant part, that "[i]n any action or proceeding brought under this section, the court, in its

discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." Thus, the statute permits an award of reasonable attorneys' fees to parents who are "prevailing parties" in "any action or proceeding brought" under IDEA.

With respect to those who terminated the administrative DCPS processes by a settlement agreement, however, such parties are *not* "prevailing parties" within the meaning of IDEA as a matter of law, and hence are not entitled to attorneys' fees. In Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources, 532 U.S. 598 (2001), the Supreme Court ruled that statutory provisions allowing the award of attorneys' fees to "prevailing parties" do *not* apply where litigation has been terminated by agreement of the parties. Specifically eschewing the so-called "catalyst theory," the Court ruled that some form of "judicial imprimatur" was required to establish "prevailing party" status:

> Numerous federal statutes allow courts to award attorney's fees and costs to the "prevailing party." The question presented here is whether this term includes a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct. We hold that it does not.

532 U.S. at 600. Indeed, the Court specifically distinguished settlement agreements from the types of judicial actions needed to establish "prevailing party" status: "Private settlements do not entail the judicial approval and oversight involved in consent decrees." Id. at 604, fn.7.

In this jurisdiction, the Circuit Court has held that the Buckhannon ruling is directly applicable to IDEA. In Alegria v. District of Columbia, 391 F.3d 262 (D.C.Cir. 2004), the Court held that, where settlements were reached prior to administrative

hearings on special education issues, parties to such settlements were not "prevailing parties" entitled to attorneys' fees under IDEA.[1] As summarized in Smith v. District of Columbia, 2004 U.S.App.LEXIS 24979 **2 (D.C.Cir. 2004), decided the same day:

> As we explain in Alegria v. District of Columbia, No. 02-7126 (D.C.Cir. Dec. 3, 2004), issued today, plaintiffs who settle IDEA cases before securing a decision in an administrative hearing are not "prevailing parties" entitled to fees pursuant to the IDEA's fee-shifting provision, 20 U.S.C. §1415(i)(3)(B). . . .

The Alegria and Smith holdings are squarely applicable in this case. In all instances, the individual plaintiffs entered into voluntary settlement agreements prior to administrative hearings. Perforce they are not "prevailing parties" under IDEA entitled to attorneys' fees. To that extent, dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) is required, since it seeks relief that cannot be granted.

## IV.   To the Extent the Complaint Asserts Rights under Section 1983, Plaintiffs have failed to state a claim for which relief can be granted.

While IDEA violations can be the predicate for a section 1983 claim based on those statutory violations, Plaintiffs' assertion of jurisdiction under 42 U.S.C. §1983, and Plaintiffs' seeming claims for relief under that statute, are plainly in error. 42 U.S.C. §1983 states:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects or causes to be subjected, any

---

[1]   See, e.g., Alegria, supra, 391 F.3d at 263:

> The district court denied appellants' requests for awards of attorneys' fees for private settlements reached prior to administrative hearings on special education placements. . . .  In the absence of clear evidence that Congress intended the IDEA's fee eligibility to be treated differently than other fee-shifting statutes, and specifically, to allow awards of attorneys' fees for private settlements we hold that appellants fail to overcome the presumption that Buckhannon applies. Accordingly, we affirm.

citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

In any section 1983 action against a municipality such as the District of Columbia, the burden is on the plaintiffs to establish that the municipality has a custom or practice that caused the alleged constitutional or statutory violation.  See, e.g. Monell v. Dep't of Social Services of the City of New York, 436 U.S. 658, 694 (1978); Daskalea v. District of Columbia, 227 F.3d 433, 441 (D.C. Cir. 2000).

As a threshold matter, section 1983 cannot apply here since there has been no deprivation of any right under (DEA—the only arguable claim that might be made from the Complaint, for only "prevailing parties" are entitled to attorneys' fees under IDEA. And as shown above, Plaintiffs were not prevailing parties.

Moreover, even if some arguable right were posed, the Complaint is facially deficient in any event.

In a 2001 decision, this Court adopted a four part test setting forth the applicable standards for a finding of liability under section 1983 based on an IDEA violation:

> "(1) plaintiffs must prove by a preponderance of the evidence that DCPS violated one or more specific provisions of the IDEA; (2) plaintiffs must prove that exceptional circumstances exist, such that the conduct of DCPS that caused the IDEA violations was persistently egregious and prevented or frustrated [plaintiffs] from securing equitable relief under the IDEA; (3) … plaintiffs [must] establish that the District of Columbia has a custom or practice that is the moving force behind the IDEA violations; (4) plaintiffs must show why the normal remedies offered under the IDEA, and specifically compensatory education, are inadequate to compensate for the harm … suffered."

Walker v. District of Columbia, 157 F. Supp. 2d 11, 30 (D.C. Cir. 2001) (Citations omitted).  See also Jackson v. District of Columbia, No. 02-0968 (D.C. Cir.

9

Memorandum Opinion and Order, September 21, 2003); R.S. et al., v. District of Columbia, et al., 292 F. Supp 2d 23 (D.C. Cir. 2003).

In a 2003 decision, Judge Emmett Sullivan, while observing that "the threshold to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is quite low," nonetheless dismissed any claims under Section 1983 in the absence of complaint allegations relating to three of the four elements of a violation of that statute. Jackson v. District of Columbia, No. 02-0968 (D.C. Cir. Memorandum Opinion and Order, September 21, 2003). Among other things, the Court observed that "[n]othing in plaintiffs' Complaint, other than the invocation of Section 1983 itself, suggests a claim based upon any custom, policy statement, or procedure of the District of Columbia." *Id.*, p. 10. *See also* Lavon Savoy-Kelly v. Eastern High School, et al., Civil Action No. 04-1751 (Kessler, J.) (D.C. Cir. April 14, 2006,) (slip. op. at 10)[2].

So here, other than a bald assertion of Section 1983 as a basis for the Court's jurisdiction, there are no allegations in the Complaint with respect to any of the elements of a Section 1983 violation. In fact, this case is a simple complaint for attorney's fees. Accordingly, dismissal of any claims based on Section 1983 is warranted.

**V. Plaintiffs do not have a Claim under the Rehabilitation Act (Section 504).**

Complaints arising under IDEA that also assert jurisdiction based upon the Rehabilitation Act should be summarily dismissed as a matter of law. First, that statute—intended to bar employment discrimination against handicapped individuals under Federally financed programs, e.g., Consolidated Rail Corp. v. Darrone, 465 U.S. 624, 626, 104 S. Ct. 1248, 79 L. Ed. 2d. 568 (1984)—is wholly irrelevant here. The

---

[2] Memorandum Opinion attached as Exhibit 2.

10

Complaint does not assert that any discriminatory employment claims are involved in this action.  To the extent the complaint may be limited to administrative activities relating to "a free appropriate education" under IDEA, the Supreme Court long ago made clear that IDEA supplanted any rights and remedies in that regard which may earlier have been found in the Rehabilitation Act.  Speaking of the EHA, the Court stated:

> [T]here is no doubt that the remedies, rights and procedures Congress set out in the EHA are the ones it intended to apply to a handicapped child's claim to a free appropriate public education.  We are satisfied that Congress did not intend a handicapped child to be able to circumvent the requirements or supplement the remedies of the EHA by resort to the general antidiscrimination provision of [29 U.S.C. §794].

Smith v. Robinson, 468 U.S. 992, 1019, 104 S. Ct. 3457, 82 L. Ed. 2d 746 (1974).

Even if Section 504 were deemed relevant, to state a claim under that statute, Plaintiffs must show that the student was discriminated against "solely by reason of his handicap."  29 U.S.C. §794.  *See also* Lavon Savoy-Kelly v. Eastern High School, et al., Civil Action No. 04-1751 (Kessler, J.) (D.C. Cir. April 14, 2006,) (slip. op. at 9) citing R.S. v. District of Columbia, 292 F. Supp. 2d 23, 28 (D.C. Cir. 2003).  To show such a violation of the Rehabilitation Act in the context of the IDEA, Plaintiffs must demonstrate "something more that a mere failure to provide the "free and appropriate education' required by" IDEA.  Lunceford v. District of Columbia Board of Ed., 241 U.S. App. D.C. 1, 745 F. 2d 1577, 1580 (D.C. Cir. 1984) (quoting Monahan v. Nebraska, 687 F. 2d 1164, 1170 (8th Cir. 1982)).  Hence, Plaintiffs must show "[e]ither bad faith or gross misjudgment…before a Section 504 violation can be made out…" Monahan, 687 F. 2d at 1170-71 (liability will not be imposed as long as the "state officials have exercised professional judgment, in such a way as not to depart grossly from accepted standards among educational professionals").

Here, Plaintiffs Complaint makes no mention of either bad faith or gross misjudgment—the standard for a claim under Section 504. Even if Section 504 of the Rehabilitation Act were deemed applicable, Plaintiffs' Complaint fails to properly allege a claim as it lacks factual allegations essential to a cause of action under this statute. Accordingly, Plaintiffs' failure to allege any facts or make any arguments whatsoever as to their Rehabilitation Act claim must result in its dismissal. *See,* Lavon Savoy-Kelly v. Eastern High School, et al., Civil Action No. 04-1751 (Kessler, J.) (D.C. Cir. April 14, 2006, (slip. op. at 10).

## CONCLUSION

Although Plaintiffs' Complaint claims jurisdiction under Federal Statutes, this case is an action to enforce a contract with the District of Columbia. As such, this Court has no jurisdiction to entertain the case; such suits are properly brought in Superior Court. In addition, Plaintiffs' assertion of a claim under Section 1983 is without merit because it does not meet the four part test applicable in this Court. Plaintiffs IDEA claims fail because Plaintiffs are not prevailing parties, but a parties to a settlement agreement. Finally, Plaintiffs do not have a claim under the Section 504 of the Rehabilitation Act because they have made no claims of employment discrimination. Accordingly, Plaintiffs' Complaint must be dismissed for lack of jurisdiction.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District
 of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ *Edward P. Taptich*_____
EDWARD P. TAPTICH (012914)
Chief, Equity Section 2


/s/  *Veronica A. Porter*_____
VERONICA A. PORTER (412273)
Assistant Attorney General
441 4th St., N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6651

**May 4, 2006**

13

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BEVERLY BRISCOE, et al.,** : | |
| Plaintiffs, : | |
| v. : | Civ. Action No. 06-323 (JDB) |
| **DISTRICT OF COLUMBIA, et al.,** : | |
| Defendants. : | |

### ORDER

Upon consideration of Defendants' Motion to Dismiss Complaint, it is this

_____ day of _____, 2006,

**ORDERED** That the Defendants' motion is GRANTED, and it is

**FURTHER ORDERED**, That Plaintiffs' complaint is herein dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE